IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DATONE D. WASHINGTON, SR.,** **ON BEHALF OF D.W.,** | Case No. 1:16 CV 1696 |
| Plaintiff, | Judge James Gwin |
| v. | Magistrate Judge James R. Knepp, II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | REPORT AND RECOMMENDATION |

### INTRODUCTION

*Pro se* Plaintiff Datone D. Washington ("Plaintiff") filed a complaint against the Commissioner of Social Security ("Commissioner"), challenging a disability benefits decision regarding his son, D.W. (Doc. 1). This case is before the undersigned on automatic reference of administrative action pursuant to Local Rule 72.2. (Non-document entry dated July 7, 2016). Pending is the Commissioner's motion to dismiss (Doc. 13). Plaintiff has not filed a response. For the reasons discussed below, the undersigned recommends the Commissioner's motion be granted.

### BACKGROUND

The Commissioner has submitted a Declaration (with attached exhibits) from Roxie Rasey Nicoll, Chief of Court Case Preparation and Review Branch III of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. (Ex.

A, Doc. 13-1). Ms. Nicoll searched the Social Security Administration's ("SSA") electronic records for information relating to Plaintiff's claim on behalf of D.W.[1] *Id.* at 2.

Ms. Nicoll states that Plaintiff's mother, Luz Sigala filed an application for supplemental security income ("SSI") on behalf of D.W. in April 2010. *Id.* (citing Ex. 1, Doc. 13-1, at 5-13). That application was granted in October 2010 and Ms. Sigala was D.W.'s representative payee. *Id.* at 3 (citing Ex. 2, Doc. 13-1, at 14-26). That same month, the SSA notified Ms. Sigala that she received an overpayment on behalf of D.W. *Id.* (citing Ex. 3, Doc. 13-1, at 27-40). Ms. Sigala requested reconsideration of that decision and an administrative law judge (ALJ) determined she was not liable for the overpayment. *Id.* (citing Exs. 4-5, Doc. 13-1, at 41-49). Ms. Sigala did not request review of this decision. *Id.*

In May 2014, the SSA determined D.W. had not experienced medical improvement and continued to be disabled and qualify for SSI. *Id.* (citing Ex. 6, Doc. 13-1, at 50-55).

Twice in 2015, the SSA asked Ms. Sigala to submit documentation regarding her use of D.W.'s SSI payments. *Id.* (citing Ex. 7, Doc. 13-1, at 56-58). In May 2016, the SSA notified Ms. Sigala that D.W.'s SSI payments would cease the following month because it needed more information. *Id.* (citing Ex. 8, Doc. 13-1, at 59-66). Ms. Sigala requested this determination be reconsidered, and the SSA continued D.W.'s payments during the appeal. *Id.* (citing Exs. 9-10, Doc. 13-1, at 67-68). In June, the Agency affirmed its initial determination on reconsideration

---

1. The Declaration refers to the minor child as "D.D.W.", however, the undersigned will use "D.W." for consistency. It is clear from a review of the filings that "D.W." and "D.D.W." refer to the same child receiving SSI benefits.

and clarified that it needed more information from Ms. Sigala about D.W.'s name, address, or bank account. *Id.* at 4. (citing Ex. 12, Doc. 13-1, at 77-82).[2]

On July 1, 2016, Plaintiff filed his complaint with this Court. (Doc. 1).

On August 10, 2016, Ms. Sigala filed a request for a hearing by an ALJ. *Id.* (citing Ex. 13, Doc. 13-1, at 83). At the time Ms. Nicoll signed her affidavit in October 2016, there was no decision from an ALJ or a review by the Appeals Council. *Id.*

On September 1, 2016, Plaintiff filed to become D.W.'s representative payee and receive SSI payments on his behalf. *Id.* (citing Ex. 14, Doc. 13-1, at 84-90). That request was approved one week later, and D.W.'s SSI payments were reinstated. *Id.* (citing Ex. 15, Doc. 13-1, at 91-105).

## JURISDICTION

The district court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party." 42 U.S.C. § 405(g); *see also Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that federal government and its agencies are immune from suit absent consent to be sued and where consent is given, the terms of that consent define the court's jurisdiction). The term "final decision" is undefined in the Social Security Act and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975); 20 C.F.R. § 404.900(a) (explaining the process of administrative review prior to seeking judicial review). The regulations provide that first, a claimant receives an initial determination. 20 C.F.R. § 404.902. Second, if dissatisfied with the initial determination, the claimant may ask for reconsideration. *Id.* § 404.907. Third, if dissatisfied with the reconsideration decision, the claimant may request a

---

2. The Commissioner also notified Ms. Sigala of an overpayment in June 2016. (Ex. 11, Doc. 13-1, at 70-76).

3

hearing before an ALJ. *Id.* § 404.929. Fourth, if dissatisfied with the ALJ's decision, the claimant may request that the Appeals Council review the hearing decision. *Id.* § 404.967.

The Appeals Council then may either deny the claimant's request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or it may grant the claimant's request for review and issue its own decision. *Id.* §§ 404.967; 404.981. At that point, if the claimant disagrees with the decision, she may seek judicial review of the Commissioner's final decision by filing an action in federal district court within 60 days after receiving notice of the Appeals Council's action. *Id.* § 422.210. The regulations provide a claimant must ordinarily exercise administrative appeals rights and seek judicial review within a specified time frame. *Id.* § 404.900(a). However, upon a showing of good cause, the Commissioner will extend the time for seeking review. *See id.* § 404.900(b) ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review."); *id.* § 404.911 (setting forth good cause standard).[3]

Thus, a claimant may obtain a judicially reviewable "final decision" *only* when he completes the administrative appeals process and receives either 1) a decision by the Appeals Council, or 2) notice from the Appeals Council denying his request for review. *Id.* §§ 404.981, 422.210. If there is no final decision, there is no jurisdiction for an action seeking judicial review. *See Bowen v. City of New York*, 476 U.S. 467, 482 (1986); *see also Johnson v. Comm'r of Soc. Sec.*, 97 F. App'x 526, 528 (6th Cir. 2004) ("As there has been no final decision by the

---

3. At each step of the regulations, this good cause standard is referenced. *See* 20 C.F.R. §§ 404.909(b) (time to request reconsideration); 404.933(c) (time to request ALJ hearing); 404.986(b) (time to request review by Appeals Council); 404.982 (time to file in federal court).

Commissioner, the district court lacked jurisdiction under § 405(g) to review that determination."); 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

### MOTION TO DISMISS STANDARD

The Commissioner's motion to dismiss argues the court lacks jurisdiction.[4] (Doc. 13). "When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (internal citations and quotations omitted). Because a motion to dismiss for lack of subject matter jurisdiction is a factual attack, the Court may consider evidence outside the pleadings and "a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists[.]" *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014); *see also Howard v. Comm'r of Soc. Sec.*, 2014 WL 40471767, *2 (N.D. Ohio) (Commissioner's challenge to court's subject matter jurisdiction on the basis that the plaintiff failed to obtain a final decision is a factual attack and a court may consider evidence outside the pleadings).

### DISCUSSION

Plaintiff has not responded to the Commissioner's motion. His complaint also does not identify any judicially reviewable "final decision" by the Commissioner that he is challenging. *See* Doc. 1, at 2-3 (noting, in multiple places, "I'm not sure we have even reached this stage yet . . . ." without identifying a particular decision he challenges); *see also* Declaration of Ms. Nicoll (Ex. A, Doc. 13-1, at 1-4) (explaining the procedural background of D.W.'s disability claim).

---

4. A motion to dismiss for lack of subject-matter jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(1).

Accordingly, the Court lacks subject matter jurisdiction and Plaintiff's action should be dismissed. *Bowen*, 476 U.S. at 482; 42 U.S.C. § 405(g)-(h).

"In certain special cases", a court may excuse a claimant from exhausting her administrative remedies, such as when a plaintiff raises a challenge "wholly 'collateral' to [his] claim for benefits and where [he makes] a colorable showing that [his] injury could not be remedied by the retroactive payment of benefits". *Heckler v. Ringer*, 466 U.S. 602, 618 (1984). This exception is inapplicable because Plaintiff's allegations are not collateral to the claim for benefits, rather, he checked a box indicating the basis for jurisdiction was a "[c]hild [d]isability [c]laim". (Doc. 1, at 3).

Plaintiff also does not assert a colorable constitutional claim—another exception to the exhaustion rule. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977) ("Constitutional questions obviously are not suited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."). In his complaint, Plaintiff asserts: "I'm not sure we have even reached this stage yet seeing as to how this process has become so 'unscrupulous' & 'corrupt' . . . we have SSA employees pretending to be managers, ignoring laws, not filing paperwork, etc. Please contact me immediately on how to complete appeal process and present evidence." (Doc. 1, at 3) (ellipses in original). This is not a colorable constitutional claim independent from the claim for benefits. *See Carter v. Comm'r of Soc. Sec.*, 2015 WL 4756615, *4 (E.D. Mich.) ("[A]bsent any colorable constitutional claim that is *independent* of the alleged entitlement to benefits, a federal court has no jurisdiction . . . .") (emphasis added); *see also Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67 (6th Cir. 1987) ("Simply couching in constitutional language what is in reality an argument that the

Secretary abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge.").[5]

## CONCLUSION AND RECOMMENDATION

For the reasons explained above, the undersigned recommends the court grant the Commissioner's motion (Doc. 13) and dismiss the case without prejudice.[6]

s/James R. Knepp II<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

---

5. As an aside, the undersigned notes Plaintiff checked boxes requesting relief in the form of: 1) "[m]odify the defendant's decision and grant monthly maximum insurance benefits to the plaintiff, retroactive to the date of initial disability", and 2) "[g]rant any further relief as may be just and proper under the circumstances of this case." (Doc. 1, at 3). Two months after this case was filed, Plaintiff resolved the representative payee issue with the Commissioner and payments on behalf of D.W. were resumed. (Exs. 14-15, Doc. 13-1, at 91-105).

6. "Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case." *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)).