UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
DATONE D. WASHINGTON, SR., on               :    CASE NO. 1:16-CV-1696
Behalf of D.W.,                             :
                                            :
        Plaintiff,                          :
                                            :
        vs.                                 :    OPINION & ORDER
                                            :    [Resolving Doc. 13]
COMMISSIONER OF SOCIAL                      :
SECURITY,                                   :
                                            :
        Defendant.                          :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Datone D. Washington, Sr., seeks review of a Social Security disability benefits decision regarding his son, D.W.[1] The Commissioner of Social Security ("Commissioner") moves to dismiss Plaintiff Washington's complaint.[2] Magistrate Judge James R. Knepp recommends granting the Commissioner's motion to dismiss.[3] Plaintiff objects.[4]

For the reasons stated below, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Recommendation, and **DISMISSES** Plaintiff Washington's Complaint.

## I. Background

In April 2010, Luz Sigala filed an application for Supplemental Security Income ("SSI") on behalf of D.W., her and Plaintiff Washington's son.[5] The Social Security Administration ("SSA") granted Sigala's application in October 2010.[6] Sigala served as D.W.'s representative payee, receiving payments on his behalf.[7]

---

[1] Doc. 1.
[2] Doc. 13.
[3] Doc. 14.
[4] Doc. 15.
[5] Doc. 13-1 at 5-13.
[6] *Id.* at 14-26.
[7] *Id.*

Case No. 1:16-CV-1696
Gwin, J.

In October 2010, the SSA notified Sigala that she received an overpayment on behalf of D.W.[8] Sigala requested reconsideration of the decision, and an administrative law judge (ALJ) determined that Sigala was not liable for the overpayment.[9] Sigala did not request review of the ALJ's decision.

Twice in 2015, the SSA asked Sigala to submit documentation regarding her use of D.W.'s SSI payments.[10] In May 2016, the SSA notified Sigala that D.W.'s SSI payments would end the following month because the SSA lacked "correct information about [D.W.'s] name, address, or bank account."[11]

Sigala requested reconsideration of the SSA's decision to terminate D.W.'s payments.[12] During the appeal, the SSA continued D.W.'s payments.[13] In June 2016, the SSA affirmed the termination of payments and confirmed that it needed more information about D.W.[14] To reinstate D.W.'s payments, the SSA stated that Sigala needed to visit a Social Security office "in person," show identification, and provide D.W.'s name, address and bank account information.[15]

On August 10, 2016, Sigala requested an ALJ hearing.[16] In an affidavit, Roxie Rasey Nicoll, the SSA's Chief of Court Case Preparation and Review Branch III of the Office of Appellate Operations, Office of Disability Adjudication and Review, stated that there was no ALJ decision or Appeals Council review as of October 2016.[17]

---

[8] *Id.* at 27-40.
[9] *Id.* at 41-49.
[10] *Id.* at 56-58.
[11] *Id.* at 59-65.
[12] *Id.* at 67-68.
[13] *Id.*
[14] *Id.* at 77-82.
[15] *Id.* at 77.
[16] *Id.* at 83.
[17] *Id.* at 4.

Case No. 1:16-CV-1696
Gwin, J.

On September 1, 2016, Plaintiff Washington filed to become D.W.'s representative payee.[18] A week later, the SSA approved his request and reinstated D.W.'s SSI payments.[19]

*Procedural History*

On July 1, 2016, Plaintiff Washington filed a *pro se* complaint with this Court.[20] Washington's complaint states that the SSI "process has become so 'unscrupulous' & 'corrupt' . . . we have SSA employees pretending to be managers, ignoring laws, etc.!"[21] Washington's complaint also asks the Court to "contact [him] immediately on how to complete appeal process and present evidence."[22]

The Commissioner filed a motion to dismiss Plaintiff Washington's complaint on October 19, 2016.[23] The Commissioner argued that there was no final decision by the Commissioner subject to judicial review.[24] Washington did not respond to the Commissioner's motion.

On March 23, 2017, Magistrate Judge Knepp issued his Report and Recommendation ("R&R").[25] Magistrate Judge Knepp recommends dismissing Plaintiff Washington's complaint.[26]

On March 28, 2017, Plaintiff Washington filed objections to Magistrate Judge Knepp's R&R.[27] Washington makes three objections. First, Washington states that "the S.S.A. 'illegally remov[ed]' [his] wife Luz E. Sigala-Washington as Representative Payee" for his two disabled children.[28] Second, Washington states that the SSA has been "uncooperative" and "unjust" in

---

[18] *Id.* at 84-90.
[19] *Id.* at 91-105.
[20] Doc. 1.
[21] *Id.* at 2.
[22] *Id.* at 3.
[23] Doc. 13.
[24] *Id.* at 1.
[25] Doc. 14.
[26] *Id.* at 1.
[27] Doc. 15.
[28] *Id.* at 1.

-3-

Case No. 1:16-CV-1696
Gwin, J.

resolving his case.²⁹ Washington also states that an ALJ dismissed his complaint on March 17, 2017.³⁰ Third, Washington argues that this Court has jurisdiction to hear his complaint. Washington claims that the SSA has avoided a hearing by "chang[ing] dates & times, call[ing] police, fil[ing] false reports, intimidat [ing] one because of her immigration statuts, stop[ping] payments, [and] get[ting] us evicted."³¹

Defendant Commissioner responded to the objections on April 12, 2017.³² The Court reviews Washington's objections *de novo*.³³

## II. Legal Standard

"When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion."³⁴ Because a motion to dismiss for lack of subject matter jurisdiction is a factual attack, the Court may consider evidence outside the pleadings and "a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists[.]"³⁵

## III. Discussion

The Court adopts and incorporates Magistrate Judge Knepp's analysis here. Nevertheless, the Court responds to Plaintiff Washington's objections to the Report and Recommendation.

Title 42 U.S.C. § 405(g) authorizes and governs judicial appeals of Social Security decisions to federal district courts. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of

---

²⁹ *Id.* at 2.
³⁰ *Id.*
³¹ *Id.* at 3.
³² Doc. 16.
³³ 28 U.S.C. § 636(b)(1) (requiring *de novo* review of claimant's objections to a report and recommendation).
³⁴ *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (internal citations and quotations omitted).
³⁵ *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014).

-4-

> notice of such decision or within such further time as the Commissioner of Social Security may allow.

Accordingly, before filing an action in federal court, a claimant must exhaust administrative appeal remedies and receive a "final decision of the Commissioner of Social Security made after a hearing."[36]

The meaning of "final decision" "is left to the [Commissioner] to flesh out by regulation."[37] SSA regulations provide a four-step administrative review process that a claimant must complete: initial determination, reconsideration, ALJ hearing, and requesting Appeals Council review.[38] Thus, a claimant obtains a final decision when he receives (1) an Appeals Council decision or (2) notice that the Appeals Council is denying his request for review.[39]

Because Plaintiff Washington has not completed the administrative appeals process, there is no "final decision" on Washington's claim and he cannot seek judicial review at this time. Washington offers no evidence of an ALJ hearing or a request for Appeals Council review. Accordingly, the Court lacks subject matter jurisdiction and must dismiss Washington's action.

Although a court may excuse a claimant from exhausting his administrative remedies, Washington does not present one of those "certain special cases" warranting an exception.[40] One exception exists for a plaintiff raising challenges "wholly 'collateral' to his claim for benefits and where he [makes] a colorable showing that his injury could not be remedied by the retroactive payment of benefits."[41] Washington does not raise such a challenge.

---

[36] *Weinberger v. Salfi*, 422 U.S. 749, 763 (1975).
[37] *Id.* at 767.
[38] 20 C.F.R. §§ 404.902, 404.907, 404.929, 404.967; *see also* 20 C.F.R. § 404.900(a) ("When you have completed the steps of the administrative review process . . . we will have made our final decision.").
[39] *See* 20 C.F.R. §§ 404.981, 422.210.
[40] *Heckler v. Ringer*, 466 U.S. 602, 618 (1984).
[41] *Id.*

Case No. 1:16-CV-1696
Gwin, J.

Nor does Plaintiff Washington's case warrant the exception for plaintiffs asserting colorable constitutional claims.[42] Washington's R&R objections allege procedural unfairness, such as the SSA "refusing to provide the paperwork to support" its decisions and SSA employees "intimidat[ing]" Washington's wife about her immigration status.[43] But these bare assertions fail to support a constitutional argument independent from Washington's benefits claim.[44] Washington cannot claim he was denied the opportunity to pursue administrative remedies when in fact he has yet to pursue those administrative remedies.

Because Plaintiff Washington lacks a "final decision" and does not qualify for an exception to the exhaustion requirement, the Court lacks subject matter jurisdiction and must dismiss Washington's complaint.

### IV. Conclusion

For these reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DISMISSES** Plaintiff Washington's complaint without prejudice.

IT IS SO ORDERED.

Dated: June 2, 2017  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[42] *See Califano v. Sanders*, 430 U.S. 99, 109 (1977).
[43] Doc. 15 at 2-3.
[44] *See Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67 (6th Cir. 1987) ("Simply couching in constitutional language what is in reality an argument that the Secretary abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge.").